NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

APR 28 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TERRY C. COOLEY, on behalf of himself and all others similarly situated,

Plaintiff-Appellant,

v.

CALIFORNIA STATEWIDE LAW ENFORCEMENT ASSOCIATION; CALIFORNIA ASSOCIATION OF LAW ENFORCEMENT EMPLOYEES, as an individual defendant and as Representative of the Class of all Affiliate Associations of the California Statewide Law Enforcement Association,

Defendants-Appellees.

No.    19-16498

D.C. No.
2:18-cv-02961-JAM-AC

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted February 8, 2022
Portland, Oregon

Before:  PAEZ and NGUYEN, Circuit Judges, and TUNHEIM,** District Judge.

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The Honorable John R. Tunheim, Chief United States District Judge for the District of Minnesota, sitting by designation.

Appellant Terry Cooley appeals the district court's order granting Defendants' motion to dismiss. We affirm.

1. The district court properly found that Cooley's membership application met the essential elements of a contract. *United States ex rel. Oliver v. Parsons Co.*, 195 F.3d 457, 462 (9th Cir. 1999) (quoting Cal. Civ. Code § 1550). Both Cooley and CSLEA manifested consent to the contract—Cooley by signing the application and CSLEA by treating Cooley as a union member. *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 565 (9th Cir. 2014). And the benefits of union membership were sufficient consideration. *See* Cal. Civ. Code § 1605; *N.L.R.B. v. U.S. Postal Service*, 827 F.2d 548, 554 (9th Cir. 1987).

2. The district court properly found Cooley was bound to maintain union membership until June 1, 2019 under the maintenance of membership provision in the CBA. Under California law, "[a] voluntary acceptance of the benefit of a transaction is equivalent to a consent to all the obligations arising from it, so far as the facts are known, or ought to be known, to the person accepting." Cal. Civ. Code. § 1589. California law also recognizes implied contracts supported by conduct from which a promise can be inferred. *Id.* § 1621.

Cooley could have resigned from his union membership on June 1, 2016 but continued to allow union dues to be remitted from his paycheck and accept the benefits of union membership for nearly two years until he first attempted to resign

2

in 2018. Cooley's performance and acceptance of union membership benefits sufficiently establish that he was bound to refrain from resigning until the 30-day window in 2019 opened on June 1, 2019. The district court thus properly dismissed Cooley's state law claims.

3. The district court properly concluded that Cooley does not have a First Amendment right to resign from his union. Although the freedom of association contained within the First Amendment includes the freedom against compelled associations, none of the cases cited to the district court or to this Court establish that there is a constitutional right to end voluntary contractual associations. *See, e.g., Roberts v. U.S. Jaycees*, 468 U.S. 609, 623 (1984); *Abood v. Detroit Board of Education*, 431 U.S. 209, 234-35 (1977); *Boy Scouts of America v. Dale*, 530 U.S. 640, 648 (2000); *Cohen v. Cowles Media Co.*, 501 U.S. 663, 672 (1991). Cooley agreed to become a member of CSLEA subject to the stated membership resignation limitations and the First Amendment cannot and does not erase that voluntary association.

4. The district court did not err in dismissing Cooley's § 1983 claims against CSLEA. Cooley failed to show that he was deprived of a constitutional right as a result of state action and that CSLEA was fairly attributed as a state actor. Although the district court did not have the decision in *Belgau v. Inslee,* 975 F.3d 940 (9th Cir.

2020), when making its determination, *Belgau* controls this Court's analysis and the district court's dismissal must be affirmed.

5. The district court properly dismissed Cooley's claim for a refund of the union dues he paid before the decision in *Janus v. Am. Fed'n of State, Cnty., and Mun. Emps., Council 31*, 138 S. Ct. 2448 (2018). *Belgau*, 975 F.2d at 946-49. As Cooley conceded in his briefing, this Court's decision in *Danielson v. Inslee*, 945 F.3d 1096 (9th Cir. 2019), precludes recovery of such fees under § 1983. *Danielson,* 945 F.3d at 1104.

**AFFIRMED.**